By the court.
An action of trover must be founded in the property of the plaintiff, 1 T. R. 56; and the right, of property will draw with it the actual possession. Latch, 214. But, it is necessary, in order to maintain this action, to prove, not only that the plain, tiff had a property, either general or special, in the thing for which the action was brought; but, also, that the defendant was in possession, and converted the properly to his own use. The conver. sion is the gist of the action ; for, it is the conversion that makes* *401 the defendant a wrongdoer, and not the trover, or finding, or being in possession. In this case, it does not appear that the defendant ever wrongfully converted to his own use the property of the plaintiff, It has been contended, that the selling the negroes absolutely, when he had only the use of them for the life of another, was an illegal conversion of the whole right in the property, and consequently, a conversion of the remainder, or residue, or contingent right, vested in the plaintiff; which was a wrongful conversion pro tanto. But there is no doctrine of law to maintain this position. The right of the plaintiff was a mere possibility. The negroes might all have died before the tenant for life. The tenant for life could dispose of no more than his life estate; and the subsequent purchasers from him, and claiming under him, could obtain no greater estate, or right, than he could dispose of. He had a right to dispose of his life estafe; and the person who purchased his right, could lawfully dispose of it. The possession of the negroes followed these several transfers as a matter of course : and therefore, during the life of the tenant for life, or of him to whom the property was limited for life, there could be no conversion to the prejudice of the plaintiff. If the negroes had been put to death, or improperly deteriorated, by the person* intitled to the use of them for life, or by another, trover would not be the proper remedy for the person intitled to them after the death of the cestui que vie: for he had no property in them at the time, and therefore, no right of action coilld accrue to him. The right to maintain this action, ne'cessarily involves the right of possession, as well as the right of property ; but, the right of property draws with it the possession. In this Case, it cannot be pretended that the plaintiff, at the time of this supposed conversion, was intitled to the possession of the negroes in question. The right of property and possession was hot then Violated by the sale made by the defendant.
But it has been further contended, that after the death of the cestuy que vie, it was the duty of the defendant to have delivered up the ne■groes upon demand: and that a refusal, or failure, by him to deliver upon demand, he being legally bound to deliver, amounts to a conversion, bj construction and operation of FlW. This position is equally untenable. At the time when the plaintiff became intitled to the property, the negroes were not id, the possession, or subject to the control, of the defendant. Á. milting that he was bound by the; Covenants of the cestuy que, vie, fr.,m whom he bought, or as trustee for the remainder.;.y.u, ii does not follow that he is liable in oe fen action of trover for a breach of covenant, or trugt.. The do *402 fendant has not been guilty of any malfeasance in relation to the plaintiff^ by any intermeddling with his property, or assumption of a r’gbt to dispose thereof, since it has become the plaintiff’s. He has been guilty of no conversion of the plaintiff’s property; and t|lei.ef0|-e there must be judgment for the defendant.
Present, Grimke, Waties, Johnson, Trezevant, and Brevard, Justices ; Bay, J. absent.
Note. See Pyne v. Dor, 1 T. R. 55. Tenant in tail, expectant on an estate for life without impeachment of waste, cannot maintain trover for timber severed from the estate: the property being in the tenant for life.